**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

```
JERRY M. BOHLER,               )
                               )
        Plaintiff,             )
                               )
    v.                         )    Case No. 05-1173
                               )
ILLINOIS DEPT. OF CORRECTIONS, )
ROGER WALKER, JR., and BARBARA )
A. HURT,                       )
                               )
        Defendants.            )
```

**O R D E R**

Before the Court is Defendants' Motion to Dismiss [Doc. # 5] and Plaintiff's response [Doc. # 7]. For the reasons that follow the Motion to Dismiss will be granted in part and denied in part.

**I.   Background**

The following allegations are taken from the Complaint and must be accepted as true for the purposes of the Motion to Dismiss. Plaintiff is an employee of Defendant Illinois Department of Corrections ("IDOC") and currently serves as an Assistant Warden at Illinois River Correctional Center (IRCC). (Complaint ¶ 9.)  At the relevant times, Defendant Roger Walker, Jr. ("Walker") was the Director of IDOC, and Defendant Barbara A. Hurt was a Deputy Director of IDOC. (Complaint ¶ 5.)  Following the elimination of his position as Correctional Captain and after being promised a salary increase, Plaintiff accepted the position of Clinical Services Supervisor at IRCC, however, in reality his salary decreased in the new position. Thereafter, Plaintiff accepted the position of Assistant Warden of Operations after he was told that he would be paid more than he received as a Correctional Captain.

However, Plaintiff did not received the promised pay increase until several months later (in March 2004) at which time he was told that he would not receive any back pay for the months during which he did not receive the amount previously promised. (Complaint ¶¶ 11-18.)

During this time (December 2003 through February 2004), Plaintiff contacted employees of the Governor's Office to complain about the fact that he had not received back pay in relation to the promised pay increases. At that time, Deputy Chief of Staff for Labor and Economy Julie Curry told Plaintiff she was upset that he was trying to contact the Governor's Office, that the promised pay increase was not in writing, and that Plaintiff "should be glad to have a job." Curry threatened to terminate Plaintiff if he contacted the Governor's Office again. (Complaint ¶ 19.)

On February 11, 2005, Plaintiff received a Disciplinary Action/Suspension Notice in which he was notified that he was being suspended for twenty days for various violations of the State of Illinois Central Management Services Personnel Rules. (Complaint ¶ 20.) Defendant Hurt told Plaintiff he had no appeal rights regarding the disciplinary action and Plaintiff never received a hearing on the alleged rule violations. (Complaint ¶¶ 21, 25.) On February 22, 2005, Hurt informed Plaintiff that he would have to work during his suspension without pay as it was common practice for department management employees to do so. (Complaint ¶¶ 26-27.) At the time of his suspension, Plaintiff was serving as Acting Warden of IRCC. (Complaint ¶ 15.)

Plaintiff claims that Defendants Walker and Hurt violated his

right to due process by implementing a suspension without following the procedures set out in the Illinois Administrative Code (Count I); that Walker and Hurt retaliated against him by suspending him for complaining about not being adequately compensated in violation of his free speech rights under the United States and Illinois Constitutions (Count II); that Walker and Hurt violated his Equal Protection rights under the United States Constitution by suspending him without pay when he was forced to work (Count III); that he suffered irreparable injury entitling him to injunctive relief from the policy of forcing employees to work during unpaid suspension which was implemented by Walker and Hurt in their official capacity (Count IV); and that IDOC breached its oral employment contract with him by failing to compensate him as promised (Count V).  Defendants have move to dismiss all five counts of the Complaint.

## II.  Legal Standard

When considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must view the Complaint in the light most favorable to the Plaintiff and the Complaint's well-pleaded factual allegations must be accepted as true.  Williams v. Ramos, 71 F.3d 1246, 1250 (7th Cir. 1995).  Therefore, a complaint can only be dismissed if a plaintiff cannot prove any set of facts upon which relief can be granted.  Travel All Over the World, Inc. v. Kingdom of Saudi Arabia, 73 F.3d 1423, 1429-30 (7th Cir. 1996).  However, the Court is not bound by a plaintiff's legal conclusions.  Baxter by Baxter v. Vigo County School Corp., 26 F.3d 728, 730 (7th Cir. 1994).

### III. Analysis

Defendants argue that (1) Plaintiff has no protected property interest in his position as an Assistant Warden entitling him to relief on his Due Process claim; (2) Plaintiff has failed to state a claim for relief under the First Amendment or Equal Protection Clause; and (3) that Plaintiff's Count IV and V are barred by sovereign immunity.  The Court will address each argument in turn.

**A.    Due Process Claim (Count I)**

To state a claim for deprivation of due process, Plaintiff must first show a constitutionally protected property interest. Board of Regents v. Roth, 408 U.S. 564, 577 (1972).  Protected property interests are "created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law."  Id.  "A person's interest in a benefit is a 'property' interest for due process purposes if there are such rules or mutually explicit understandings that support his claim of entitlement to the benefit and that he may invoke at a hearing." Perry v. Sindermann, 408 U.S. 593, 599 (1972).

Plaintiff alleges that at all relevant times he was a "certified employee within the meaning of 80 Ill. Adm. Code 303 and was subject to Section 302.640."  Section 302.640 dictates procedures used to suspend employees for periods of "not more than thirty days in any twelve month period."  Plaintiff alleges those procedure were not followed in his case.  Defendants argue that Section 302.640 procedures did not apply to Plaintiff because his Assistant Warden position was declared exempt from the Personnel Rules.  Plaintiff counters that at the time of his discipline, he

4

was also Acting Warden of IRCC, and that Defendants are estopped from challenging the application of the Personnel Rules to his position because they used those rules to discipline him.

Defendants' arguments are based on the written position description (which is attached to their motion) for the IRCC Assistant Warden. Relying on Wright v. Associated Ins. Companies, Inc., 29 F.3d 1244 (7th Cir. 1994), Defendants argue that considering this document does not convert the motion to one for summary judgment because the Complaint refers to Plaintiff's position and thus the position description is central to the Complaint. However, Plaintiff does not reference the position description in the Complaint, he only references his position. Moreover, considering Plaintiff is challenging whether the submitted position description is the one applicable to him, the Court finds considering the position description would convert the motion to dismiss to one for summary judgment. See Tierney v. Vahle, 304 F.3d 734, 738-39 (7th Cir. 2002) (submission of document in support of motion to dismiss for failure to state claim that requires discovery to authenticate or disambiguate requires district court to convert motion to dismiss to motion for summary judgment if court elects to consider document in deciding whether to grant motion); Wright v. Associated Ins. Companies, Inc., 29 F.3d at 1248 ("documents attached to a motion to dismiss are considered part of the pleadings if they are *referred to in the plaintiff's complaint* and are central to his claim"(emphasis added)). Accordingly the Court declines to consider the position description in ruling on Defendants' motion to dismiss.

Without considering Defendants' arguments based on the position description, the Court finds that Plaintiff has sufficiently stated a Due Process claim so as to survive a motion to dismiss.  Plaintiff's allegations that he was a "certified employee within the meaning of 80 Ill. Adm. Code 303 and was subject to Section 302.640" are sufficient, at this stage, to support his claim of a property interest in his job.  See Board of Regents v. Roth, 408 U.S. 564, 577 (1972).

**B.   Count II**

Under the Connick-Pickering test, statements are protected under the First Amendment if they may be "fairly characterized as constituting speech on a matter of public concern." Connick v. Myers, 461 U.S. 138, 146 (1983); Pickering v. Board of Education of Township High School District, 205, 391 U.S. 563 (1968).  To involve  a matter of public concern, speech must "relat[e] to any matter of political, social, or other concern to the community." Connick, 461 U.S. at 146.

Defendants argue that Plaintiff's statements regarding IDOC's failure to pay him as promised were not related to any public concern as they were "purely private" because they were regarding his personal compensation.  Plaintiff responds that his comments "did not involve only his own situation; it involved the refusal to adhere to pay scales by [IDOC] across the state and the custom and practice of IDOC to enforce the working suspension without pay custom and practice against all IDOC employees with the same classification as [himself]."

Speech may address matters of public concern even if motivated

6

in part by a plaintiff's personal stake in the outcome of the dispute. See Gustafson v. Jones, 290 F.3d 895, 908 (7th Cir. 2002) ("[a] personal aspect contained within the motive of the speaker does not necessarily remove the speech from the scope of public concern" (internal citations omitted)). In determining whether Plaintiff's speech was on a matter of public concern, the Court must consider the record as a whole and "disposition of this issue must rest upon all relevant aspects of the speech." Id. at 907. Considering the Court does not know at this stage of the litigation all the "relevant aspects of the speech" at issue in this case, the fact that Plaintiff had a personal stake in the outcome of the dispute with IDOC is not dispositive of whether his comments were on a matter of public concern. Consequently, the Court cannot say Plaintiff can prove no set of facts showing his speech was on a matter of public concern and Defendants' motion is denied as to this claim.

**C.  Count III**

The Complaint alleges:

> That defendants actions as aforesaid in creating and implementing the twenty (20) day unpaid suspension while plaintiff was forced to work during said suspension was motivated by ill will or malice and/or with a reckless and callous indifference to the plaintiff's rights and was the approximate cause of the violation of plaintiff's equal protection rights under the Fourteenth Amendment of the United States Constitution.

(Complaint at ¶ 37.) Defendants argue the Complaint allegations are insufficient to state an Equal Protection claim because Plaintiff has not alleged he was a member of a protected class. Plaintiff has not responded to this argument. The Court agrees

that this claim should be dismissed for failure to allege membership in a protected class. Chavez v. Ill. State Police, 251 F.3d 612, 636 (7th Cir. 2001) (to succeed on Equal Protection claim plaintiffs must show, inter alia, they are members of protected class).

**D.   Count IV**

In this Count, Plaintiff seeks equitable relief from Defendants Hurt and Walker in their official capacity "to redress the improper implementation of the 20 (twenty day) unpaid suspension while he was forced to work." Defendant argues that Hurt and Walker are entitled to sovereign immunity as to this claim.

A state may claim immunity from suit in federal court unless there exists one of two well-established exceptions. Kroll v. Board of Trustees of University of Illinois, 934 F.2d 904, 907 (7th Cir. 1991). A state may waive its immunity, or Congress may use its Fourteenth Amendment enforcement powers to abrogate the states' Eleventh Amendment immunity. See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 99 (1984). Official-capacity suits are deemed to be against the entity of which the officer is an agent. Kentucky v. Graham, 473 U.S. 159, 165-66 (1985). State agencies, like Defendant IDOC, are treated the same as states for purposes of the Eleventh Amendment. Alabama v. Pugh, 438 U.S. 781, 781-82 (1978) (per curiam). In summary, official-capacity suits generally implicate the Eleventh Amendment in the absence of a waiver by the state or a valid congressional override. See Kroll 934 F.2d at 907-08. An exception to this rule exists when a plaintiff is

8

properly suing a state official in his official capacity for prospective relief--an injunction or a declaratory judgment and monetary damages that are "ancillary" to either. Graham, 473 U.S. at 169 n. 18.

Although Plaintiff argues that in Count IV he is attempting "to enjoin future implementation of an unlawful custom or practice," the language of the Complaint belies this assertion. The Complaint states Plaintiff is seeking an injunction to "to redress the improper implementation" of his prior suspension. This is not prospective relief, but retrospective relief. Accordingly, the Court finds Defendants are immune from suit on Count IV of the Complaint.

**E.   Count V**

In Count V of the Complaint, Plaintiff claims IDOC breached its oral employment contract with him by failing to compensate him as promised. Defendants argue this claim is barred by sovereign immunity. Plaintiff responds that dismissal of this claim based on the affirmative defense of sovereign immunity at this stage would be premature. Plaintiff asserts generally "it may well be that the defendants have waived sovereign immunity by unilaterally imposing an unpaid twenty day suspension upon [Plaintiff] while at the same time requiring [him] to work without pay." Plaintiff has cited no legal authority for this proposition. The Court finds the law is clear in Illinois: Illinois has not waived its immunity for claims such as Plaintiff's breach of contract claim. See 745 ILCS 5/1. Accordingly, the Court will grant Defendants' motion as it applies to Count V of the Complaint.

**V.  Conclusion**

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss [Doc. # 5] is GRANTED IN PART and DENIED IN PART.  It is granted with respect to Counts III, IV, and V of the Complaint.  It is denied in all other respects.

IT IS FURTHER ORDERED that this case is referred to Magistrate Judge Gorman for further pretrial matters.

Entered this __23rd__ day of January, 2006.

                                                s/ Joe B. McDade
                                                JOE BILLY McDADE
                                      United States District Judge